UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KENT YIP,

                      Plaintiff,

    -against-

                                    **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER
DAVID DEL VILLAR (Tax #941640), POLICE OFFICER    **JURY TRIAL**
COLIN SPARKS (Tax #947508), POLICE OFFICER      **DEMANDED**
NEWTON HUN (Tax #936787) and POLICE OFFICERS
JOHN and JANE DOES 1-5,

                      Defendants.
---------------------------------------------------------------X

       Plaintiff KENT YIP, by his attorney, Kevin P. O'Donnell, Esq., for his complaint alleges as follows:

## NATURE OF THE ACTION

       This is a civil rights action in which the plaintiff, KENT YIP, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the plaintiff by the Constitution and laws of the United States and by 42 U.S.C. § 1988, Title II of the Americans with Disabilities Act, [ADA] 42 U.S.C. §§ 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, rights secured by the fourth and fourteenth amendments to the United States Constitution, and of rights secured under the laws and constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorneys' fees, and other and further relief as this Court deems just and equitable.

1


On August 20, 2011, Plaintiff, while in his own home, was rushed and tackled by the individually named Defendants who then beat, kicked, and punched him. Plaintiff was arrested and charged with three counts of Assault in the Second Degree for allegedly injuring three police officers. On or about December 21, 2012, Plaintiff's case was dismissed (six months earlier, Plaintiff's case was adjourned in contemplation of dismissal). Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized excessive force, committed an unwarranted and malicious assault and battery on Plaintiff in his own home, unlawfully confined Plaintiff, and caused the unjustifiable arrest and prosecution of Plaintiff, who's rights as a qualified person under the Americans with Disabilities Act were violated.

## JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

2.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

3.     Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## JURY DEMAND

4. Plaintiff demands trial by jury in this action.

## PARTIES

5. Plaintiff KENT YIP is a citizen of the United States and is a resident of the County of Queens, State of New York. At all times relevant, Plaintiff KENT YIP was a "qualified individual" with a disability under the ADA and Rehabilitation Act in that he is emotionally and psychologically impaired to the extent that his ability to perform tasks of daily living, care for himself and control his mental health condition are impaired.

6. Defendant City of New York (hereinafter "CITY") is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department (hereinafter "NYPD"), a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

7. New York City Police Officer David Del Villar, tax number 941640 (hereinafter "Del Villar"), Police Officer Colin Sparks, tax number 947508 (hereinafter "Sparks"), Police Officer Newton Hun, tax number 936787 (hereinafter "Hun") (Del Villar, Sparks and Hun hereinafter referred to as the "Individual Defendants") and Police Officers John and Jane Does 1 – 5 (hereinafter "DOES"), are and were at all times relevant herein officers, employees, and agents of the New York City Police Department. On the date of the incident, August 20, 2011, they were assigned to the 107th Precinct. The above-named police officers are being sued herein in their individual capacity and official capacity.

8. At all times relevant herein, all of the aforementioned Individual Defendants were on duty and acting within the scope of their employment.

3

9. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

10. At all times relevant herein, the Individual Defendants violated rights clearly established under the Constitution of the United States, in particular under the Fourth and Fourteenth Amendments, of which a reasonable police officer and/or public official under his respective circumstances would have known.

## STATEMENT OF FACTS

11. On August 20, 2011, Plaintiff was in his own home with his mother, Grace Yip (hereinafter "Mrs. Yip"), and brother, Anthony Yip (hereinafter "Anthony Yip").

12. On July 22, 2011, Plaintiff, who is 5'4 and weighed approximately 135 pounds, had surgery on one of his feet for a hammertoe. His foot was in a cast on August 20, 2011.

13. On August 20, 2011, Plaintiff's brother, Anthony Yip, dialed 911 and requested, in sum and substance, that an ambulance be sent to Plaintiff's home because, in sum and substance, there was an emotionally disturbed person there and requested that there be no guns involved.

14. Shortly after Anthony Yip spoke with the 911 operator, Mrs. Yip was vacuuming when she saw a marked New York City police car arrive outside of her residence shortly after Anthony Yip made the aforementioned call to 911. She opened the front door.

15. Defendants Del Villar, Sparks and Hun, each wearing a standard NYPD issued uniform, arrived at Plaintiff's residence in a marked radio car, presumably in response to Anthony Yip's 911 call.

16. When Defendants Del Villar, Sparks and Hun approached the front door, they entered the front door without speaking to Mrs. Yip or Anthony Yip. No inquiry or assessment was made by the Individual Defendants regarding the emotional state of anyone who was in the Plaintiff's residence at that time. As the Individual Defendants entered the home, Plaintiff ran towards the rear of the home. Plaintiff opened the rear sliding glass door leading to his back porch. When Plaintiff, who was not engaged in any illicit activity, ran towards the rear of his house, the Individual Defendants chased after Plaintiff through Plaintiff's home and tackled him. While tackling Plaintiff, defendant Del Villar placed Plaintiff in a headlock that was so tight that it constricted Plaintiff's ability to breathe as Defendant Sparks and Defendant Hun assaulted Plaintiff by jumping on top of him and punching and kicking him about his body and head. The Individual Defendants never asked nor were they granted permission to enter the residence of the Plaintiff nor were there exigent circumstances that warranted the entry into the home of the Plaintiff.

17. The Individual Defendants were not invited into Plaintiff's home. Plaintiff never threatened any of the Individual Defendants when they arrived at Plaintiff's residence. Plaintiff never tried to hit any of the Individual Defendants. Plaintiff never "grabbed" the finger of Defendant Del Villar and bit it. Plaintiff admits biting the finger of Plaintiff Del Villar, but only in a desperate effort to cause Del Villar to release Plaintiff from the headlock Defendant Del Villar held Plaintiff in because Plaintiff was unable to breathe and he feared he was being choked to death. When Defendant Del Villar released Plaintiff from the headlock, he joined Defendants

5

Sparks and Hun in punching and kicking Plaintiff about the body and head while Plaintiff was lying helplessly on the floor. Plaintiff's wheelchair was thrown from the back porch into the back yard by one of the Individual Defendants.

18. Other police officers, including DOES, arrived at Plaintiff's residence and participated in the baseless arrest of Plaintiff.

19. Plaintiff was arrested and handcuffed very tightly, causing numbness and pain to his wrists.

20. Plaintiff was transported initially to Northshore Long Island Jewish Hospital ("LIJ") where he was evaluated and detained for several hours.

21. After several hours at LIJ, Plaintiff was brought to Bellevue Hospital, where he was handcuffed to a gurney for approximately one day before he was transferred to the ward section of Bellevue until his release from Bellevue on August 24, 2011.

22. After his release from Bellevue, Plaintiff was brought to the 107th Precinct, where he was held overnight in a cell.

23. On August 25, 2011, Plaintiff was arraigned in Queens County Criminal Court, Part AR1, five days after being attacked inside his home by the Individual Defendants. He was charged with three counts of Assault in the Second Degree, a class "D" felony. Bail was set at $3,500, which was posted by Mrs. Yip immediately.

24. On September 7, 2011, Plaintiff was evaluated at Northshore LIJ Hospital for continual numbness in his hands as a result of being handcuffed too tightly.

25. Plaintiff appeared in court on eight (8) dates until June 21, 2012, when his case was adjourned in contemplation of dismissal. His case was dismissed and sealed on or about December 21, 2012.

26. A notice of claim and intention to sue the City of New York was duly served on the Comptroller of the City of New York. Said notice was filed within (90) days after the action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

27. At least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned defendants in their capacities as detectives or police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as detectives or police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

36. As a result of the foregoing, Plaintiff was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. On August 20, 2011, one or more of the individual defendants placed handcuffs on, and detained, Plaintiff.

39. Defendants did not have probable cause to believe that Plaintiff had committed any crime. Put simply, Mr. Yip did not engage in any conduct that warranted his arrest and detention.

40. Because the individual defendants did not have probable cause to believe that Plaintiff had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

41. As a result of his detention by the individual defendants, Plaintiff's liberty was restricted for an extended period of time. Plaintiff suffered psychological injury, and continues to suffer psychological injury.

### AS AND FOR A FOURTH CAUSE OF ACTION
(False Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of the Individual Defendants' conduct, Plaintiff was detained at LIJ, Bellevue, in a cell both at the precinct and at Central Booking, and at all times he knew he was detained. Moreover, Mr. Yip did not consent to his confinement.

44. As the behavior of Plaintiff provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

45. As a result of defendants' conduct, Plaintiff suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. At all times relevant herein, one or more of the Individual Defendants knew, or should have known, that no basis existed for the arrests and/or prosecution of Plaintiff.

48. More than enough time existed for these defendants to intervene and to halt, or attempt to stop, the respective defendants' behavior.

49. Nonetheless, the respective defendants stood idly by while they witnessed the treatment of Plaintiff.

50. The conduct of defendants violated Plaintiff's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

51. Because of defendants' failure to intervene, Plaintiff suffered psychological injury, and continues to suffer psychological injury.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### Pursuant to § 1983 (*Monell* Claim)

52. Plaintiff repeat and re-allege each and every allegation contained in paragraph "1" through "51" with the same force and effect as if fully set forth herein.

53. At all times material to this complaint, the defendant CITY, had in effect *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the Individual Defendants.

54. On information and belief, the defendant CITY failed to establish guidelines for, and/or train, supervise or educate its police officers, including the Individual Defendants and DOES, about correct practices and police procedures in the use of force and proper procedures in dealing with emotionally disturbed citizens, thereby permitting the defendants to be in a position to violate the Plaintiff's federal and state constitutional and statutory rights.

55. On information and belief, the defendant CITY failed to effectively screen, hire, train, supervise, and discipline its police officers, including defendants, for their propensity for violence and the use of excessive force, thereby permitting the Individual Defendants and DOES to be in a position to violate the plaintiffs' federal and state constitutional and statutory rights.

56. The defendant CITY being aware that such lack of effective screening and hiring, and lack of training, supervision, and discipline, leads to improper conduct by its employee

police officers, acted with deliberate indifference in failing to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

57. On information and belief, the defendant CITY failed to put into place and maintain a structure for risk containment and stress management relative to its employee police officers. Said structure was deficient, at the time of pre-selection and selection, to (a) evaluate and exchange information within the command structure about the performance of individual police officers; (b) train supervisory personnel to effectively and adequately evaluate the performance of a police officer; and (c) otherwise put the command structure on notice that an individual or individuals were a significant risk to the public at large. The net effect of this was to permit police officers of the defendant CITY to function at levels of significant and substantial risk to the public at large.

58. As a result of a conscious policy, practice, custom or usage, defendant CITY has permitted and allowed for the employment and retention of individuals as police officers whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of discriminatory, assaultive, abusive, or otherwise illegal and offensive behavior. Such policy, practice, custom and usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the Plaintiff.

59. The conduct of defendant CITY was the direct and proximate cause of bodily and psychological harm, pain and suffering in violation of the Plaintiff's rights as guaranteed by 42 U.S.C. §1983 and the fourth and fourteenth amendments to the United States Constitution.

60. As a direct and proximate result of the defendant's wrongful policies, practices, customs and usage's complained of herein, Plaintiff has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical expenses.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ADA and Rehabilitation Act Against CITY

61. Plaintiff repeat and re-allege each and every allegation contained in paragraph "1" through "60" with the same force and effect as if fully set forth herein.

62. Plaintiff is disabled as defined by the ADA and Rehabilitation Act; he is a qualified individual with a disability. Defendants knew or should have known of his disability.

63. Defendant CITY is a recipient of federal financial assistance.

64. The ADA and Section 504 of the Rehabilitation Act require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against by a public entity.

65. Defendant CITY has discriminated against the Plaintiff because of his disability and deprived him of services he was entitled to. The policies and procedures of the defendant CITY are constitutionally inadequate to provide emotionally disturbed individuals, such as Plaintiff, with services they require and to prohibit discrimination against them due to their disability.

66. As a result of defendant CITY's actions, Plaintiff has been injured and suffered physical injuries, medical expenses, emotional distress, pain and anguish.

67. Defendant CITY's actions were intentional and with reckless disregard and deliberate indifference to the Plaintiff's rights as a person with a disability.

### INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will

continue to suffer physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

a. awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

b. awarding Plaintiff punitive damages in an amount to be determined by a jury;

c. awarding Plaintiff interest from August 20, 2011;

d. awarding Plaintiff reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

e. such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

DATED: August 15, 2014
Kew Gardens, New York

*[signature]*

KEVIN P. O'DONNELL, ESQ. (KO2000)
125-10 Queens Boulevard, Suite 15
Kew Gardens, New York 11415
(718) 261-4500
Attorney for Plaintiff

13